ROY L. MUSSELMAN and LEA B. MUSSELMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Musselman v. Commissioner
Docket No. 9288-72
United States Tax Court
T.C. Memo 1974-154; 1974 Tax Ct. Memo LEXIS 163; 33 T.C.M. (CCH) 671; T.C.M. (RIA) 74154; June 17, 1974, Filed. *163 Petitioner-husband, an airplane pilot, traveled to his place of employment by private automobile. He transported a flight kit and a suitcase, weighing in the aggregate approximately 55 pounds, which his employer required him to have on each of his flights. Held: Since petitioner did not incur any additional expenses as a result of transporting job-related items, the entire amount in controversy represented non-deductible commuting expense under sec. 262. Fausner v. Commissioner, 413 U.S. 838 (1973). Roy L. Musselman, Pro se. Irwin R. Cohen, for the respondent. *164 STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined a deficiency of $202.53 in petitioners' 1970 federal income tax. The sole issue for decision concerns the deductibility under section 162(a) of the Internal Revenue Code of 1954[1] of transportation expenses incurred by petitioner Roy L. Musselman in driving between his home and place of work. FINDINGS OF FACT At trial the parties stipulated certain facts and exhibits which are incorporated herein by this reference. The petitioners, Roy L. Musselman and his wife Lea B. Musselman, filed a joint federal income tax return for the calendar year 1970 with the Internal Revenue Service Center in Philadelphia, Pennsylvania. During 1970 Roy L. Musselman (hereinafter petitioner) was an airplane pilot employed by Mohawk Airlines (Mohawk). He traveled to his place of employment by private automobile. On their 1970 income tax return, petitioners deducted $839.90 as transportation expenses incurred by petitioner in driving to and from work. This amount consisted *165 of $177.50 for parking fees and tolls and $662.40 representing 5,520 miles driven at 12 cents per mile. Petitioner was assigned to LaGuardia (LaGuardia), John F. Kennedy (Kennedy) and Newark (Newark) Airports. He resided in Haworth, New Jersey and made a total of 91 round trips by automobile to the three airports during the year in question. Three round trips by automobile were made to Newark, 15 to Kennedy, and 73 to LaGuardia. The airport from which a particular flight originated was also the airport at which the return flight normally terminated. Consequently petitioner did not do any inter-airport traveling. To comply with federal aviation regulations and Mohawk's rules, petitioner was required to carry a flight kit bag and an overnight suitcase on each of his flights. The flight kit contained various manuals, charts, and other professional items and weighed 31 pounds. The overnight suitcase contained personal items and civilian clothes sufficient to last 3 or 4 days in case of layovers and weighed 20-25 pounds. No lockable storage facilities were provided by Mohawk for petitioner's equipment at any of the three airports from which he flew. Petitioner worked irregular *166 hours. Except for 17 early morning departures and 3 late evening arrivals, public transportation was available as an alternative method of traveling between petitioner's home and all three airports. To reach LaGuardia or Kennedy Airports petitioner could have driven to a bus stop, taken a bus, then a subway train, and finally another bus. Estimates of the time required to commute in this fashion to either LaGuardia or Kennedy ranged from 2 hours to 2 hours and 12 minutes. In contrast, driving time to LaGuardia was estimated to be no more than 1 hour and 20 minutes, and maximum driving time to Kennedy was estimated to be 1 hour and 35 minutes. To reach Newark Airport petitioner could have driven to a bus stop and then taken two buses, the entire trip consuming 1 hour and 15 minutes. On the other hand, driving to Newark Airport would have taken 1 hour. The transporting of the flight kit and overnight suitcase did not cause the petitioner to incur any expense above and beyond that which he otherwise incurred in commuting. OPINION It is a well accepted rule that commuting expenses are nondeductible, personal expenditures under section 262. Commission v. Flowers, 326 U.S. 465 (1946). *167 However petitioner contends that his transportation expenses are with an exception to the commuting rule and deductible under section 162(a). To succeed, he must show that he would not have driven his automobile but for the necessity of transporting the flight kit and overnight suitcase which were so heavy and bulky that, as a practical matter, they could not have been transported on public transportation. This all or nothing approach is merely a practical resolution of the problem since this transportation expense analytically has both a personal and a business component. Part of the expense is incurred by the petitioner for commuting purposes and should be nondeductible; the rest is incurred in transporting the items required in petitioner's trade to his place of employment and should be deductible. But a recent Supreme Court decision has unequivocally held that the entire transportation expense is personal and consequently nondeductible unless the transportation of cumbersome, job related items is the only reason for the taxpayer driving. Fausner v. Commissioner, 413 U.S. 838 (1973). Assuming arguendo that the flight kit and overnight suitcases were too cumbersome *168 to be carried on public transportation, then the decisive inquiry is whether the petitioner would have taken public transportation if he had not been obligated to transport those two items to the airport. Driving to the airport and parking in a lot for employees, according to the petitioner, was undesirable because it sometimes involved a risk to his personal safety and to the security of his automobile. Additionally the petitioner stated that the extra time involved in riding buses and trains would have had no bearing on his decision whether to drive or take public transportation. Although mindful of these statements, we have concluded, based on the record as a whole, that petitioner would have driven to work irrespective of the need to transport any job related items with him. Public transportation seems an improbable alternative when it involves the inconvenience of several transfers and takes significantly longer than driving a private automobile. We hold that petitioner failed to establish that he would not have driven to and from work if he had not been required to carry his flight bag and overnight suitcase. Since no additional expense was incurred as a result of having *169 to carry the job related items to the airport, this case is indistinguishable from Fausner. Therefore, we hold that petitioners are not entitled to deduct the automobile expenses in controversy. Decision will be entered for the Respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated. ↩